KIM E. RICHMAN
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

GEOFFREY S. STEWART
**THE LAW OFFICE OF GEOFFREY ST. ANDREW STEWART**
139 Fulton Street, Suite 508
New York, New York 10038
212-625-9696  (telephone)
718-374-6094  (facsimile)

*Attorneys for Plaintiff*

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------X<br><br>KIRK BAILEY,<br><br>        Plaintiff,<br><br>      -against-<br><br>THE CITY OF NEW YORK, P.O. ROBERT HAMILTON (Shield #8552), P.O. PETER RUOTOLO (Shield #8226), and P.O.s "JOHN/JANE DOE" #1-10 (said names being fictitious, as the true names are presently unknown), Individually and in Their Official Capacities,<br><br>        Defendants.<br>-------------------------------------------------X | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

      Plaintiff Kirk Bailey (henceforth referred to as "Plaintiff") by his attorneys, Kim E. Richman and Geoffrey S. Stewart, complaining of the defendants, based upon information and belief, respectfully alleges as follows:

1

## PRELIMINARY STATEMENT

Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants The City Of New York, P.O. Robert Hamilton (Shield #8552), P.O. Peter Ruotolo (Shield #8226), and P.O.s "John/Jane Doe" #1-10 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2.      Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Mr. Bailey's constitutional and civil rights.

3.      Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action that derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5.      Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      At all times relevant hereto, Plaintiff was and is a resident of Nassau County, New York.

7.      At all times relevant hereto, Defendant the City of New York ("City") was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8.      At all times relevant to this action, Defendants P.O. Robert Hamilton (Shield #8552), P.O. Peter Ruotolo (Shield #8226), and P.O.s "John/Jane Doe" #1-10 (said names being fictitious, as the true names are presently unknown) were and are police officers employed by the New York City Police Department ("NYPD") and acting under color of state law, (collectively, with Defendant City, "Defendants").

9.      At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Defendant City and its NYPD, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

3

10.     Defendant City was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11.     This action stems from an unlawful arrest of Plaintiff Kirk Bailey, which was undertaken in the absence of reasonable suspicion or probable cause.

12.     On the night of Friday, August 17, 2012, into the early morning hours of August 18, 2012, Plaintiff was performing a show with his band Next Level at Hudson River Café ("the Café"), located at 697 W 133rd St, New York, New York.

13.     At approximately 1:30 a.m. Saturday, August 18, 2012, after the end of the show and a long day's work as an Executive Director at AT&T, Plaintiff returned to his car, where, for safety reasons, he decided to rest in the driver's seat prior to driving to Long Island to his residence in Freehold, New York, approximately forty-five (45) minutes away. During this time, his vehicle, a white late model BMW was not running and the key remained in Plaintiff's pocket.

14.     While Plaintiff was resting, a NYPD marked police car pulled up behind Plaintiff's white BMW.  Defendant Officer John Doe #1 approached the driver side window of Plaintiff's BMW.

15.     Defendant Officer John Doe #1 ordered Plaintiff to roll down the window. In order to comply with Officer Doe #1's request, Mr. Bailey placed the key in the ignition, and rolled down the window.

16.     After Plaintiff rolled down the window, Defendant Officer Doe #1 began immediately questioning Plaintiff and accusing Plaintiff of being drunk. Defendant Officer

4

Doe #1, without reasonable suspicion or probable cause that any crime was taking place, then ordered Plaintiff to deliver up, and then took Plaintiff's license and registration and ordered Plaintiff to remain in the BMW.

17.    While Plaintiff was waiting for the return of his license and registration, approximately three (3) more marked NYPD police vehicles arrived at the location where Plaintiff's vehicle was parked. At that time several uniformed NYPD police officers exited their vehicles.

18.    All Defendant NYPD Officers on the scene were Caucasian. Plaintiff is African-American.

19.    Next, Defendant Officer Peter Ruotolo, without reasonable suspicion or probable cause, approached Plaintiff's BMW and ordered him out of the car and demanded that Plaintiff blow into a device believed to be a portable field breath tester.  Defendant Officer Peter Ruotolo falsely stated that Plaintiff was drunk, an accusation which Plaintiff verbally denied.

20.    Plaintiff complied with Defendant Officer Ruotolo's request to exit the BMW, and as ordered proceeded around to back of the BMW. However, Plaintiff, informed Defendant Officer Peter Ruotolo that he was refusing to blow into the portable breath test device because he had not consumed any alcohol and he was not operating the vehicle. Plaintiff also requested that Officer Ruotolo stop harassing him.

21.    At this time Defendant Officer Ruotolo became noticeably irate and further harassed Plaintiff, demanding that Plaintiff blow into the field breath test device. During this time Plaintiff remained calm and composed.  Plaintiff refused the test again, stating that there was no reason to take such a test because he had not been drinking, there was no

smell of alcohol on his breath, he was verbalizing appropriately, he was steady on his feet and furthermore, and again insisted that he had not been operating the vehicle.

22.     Defendant Officer Ruotolo's response to Plaintiff's refusal to blow into the field breath test device and request to stop harassing him, was to forcefully throw Plaintiff onto the trunk of the BMW and handcuff him, despite a lack of any legally cognizable justification.

23.     At no time during his unlawful arrest did Plaintiff twist his shoulders, strike an officer, attempt to evade being placed in handcuffs or otherwise resist his unlawful arrest. Nonetheless, Plaintiff was taken into custody by Defendant Officer Peter Ruotolo and arrested under Arrest No: M12673556.

24.     Plaintiff was then immediately placed in Defendant Officer Ruotolo's squad car and taken to the NYPD 28th Precinct where he was asked to blow in a device believed to be what is commonly referred to as a Breathalyzer.

25.     At the 28th Precinct, Plaintiff blew into the Breathalyzer. Plaintiff's breath test revealed a blood alcohol content ("BAC") of 0.01 of one percentum by weight of alcohol in Plaintiff's blood.

26.     Upon the receiving the BAC results, a Defendant NYPD Jane Doe officer who conducted the test told Defendant Officer Ruotolo that the test revealed little or no alcohol in Plaintiff's blood thus there was no reason for the Plaintiff to still be detained. Nonetheless, Defendant Ruotolo continued his unconstitutional and unlawful conduct by keeping Plaintiff under arrest and then transporting Plaintiff to the NYPD 30th Precinct.

27.     Plaintiff was then unnecessarily and unlawfully detained at the 30th Precinct for several hours. During this time, Plaintiff's wife and son tried to see him, but

were rebuffed by Defendant officers, who falsely told his family that Plaintiff was being belligerent. Plaintiff was aware that his wife and son were in the Precinct and became distressed and saddenned by the manner in which his family were treated.

28.     Next, Defendant Officers, including Defendant Officer Ruotolo, placed Plaintiff into an NYPD van and transported Plaintiff back to the 28th Precinct.

29.     During transport, Defendant Officer Ruotolo repeatedly antagonized Plaintiff and told Plaintiff in sum and substance that he "should have just listened to me" and "should have just taken the field test" and that now Plaintiff would be charged with "resisting arrest for not doing as told." Plaintiff was shocked and saddened by Defendant Officer Peter Ruotolo's willingness to falsely accuse him and treat him as a criminal merely for asserting his rights.

30.     After several more hours, Plaintiff was transported to NYPD's Central Booking to await arraignment in New York Criminal Court.

31.     While Plaintiff was being processed through the Central Booking system, Defendants issued legal process against Plaintiff in the form of a Criminal Complaint.

32.     On or about August 18, 2012, Plaintiff appeared in Manhattan Criminal Court. At that time, Plaintiff was arraigned on the basis of an accusatory instrument, signed by Defendant P.O. Ruotolo, which contained false allegations, including the false allegations that Plaintiff "flailed [his] arms and twisted [his] shoulders in an effort to evade being handcuffed and thereby elbowed Police Officer Robert Hamilton... in the lip" and that Plaintiff's conduct "created a public disturbance/inconvenience in that it caused a crowd to gather." The accusatory instrument charged Plaintiff with one misdemeanor and

one violation. [1] Plaintiff was released after arraignment after being detained for approximately 18 hours. Plaintiff had never been arrested prior in his 49 years living in New York.

33.     Plaintiff was required to defend the baseless charges against him in Manhattan Criminal Court, until all charges were disposed of under N.Y. C.P.L.R. § 170.55 on or about January 9, 2013.

34.     As a result of the aforementioned violations of his civil rights, Plaintiff Kirk Bailey was subjected to the humiliation and emotional distress of being slammed on his car, handcuffed, arrested, searched and led away in full public view in front of his peers, colleagues, audience members, and family members; confinement for many hours; and the stigma of being prosecuted for several misdemeanors, all of which resulted in damage to his self-esteem as both a husband, father, and business executive and harm to his reputation as a community leader.

35.     Further, due to his confinement, Plaintiff was forced to miss an important Amateur Athletic Union (AAU) basketball game for his son's team, of which he was the coach.

36.     Additionally, Plaintiff was forced to end his continuing studies at Adelphi University as a result of the emotional distress caused by Defendants' violations of his constitutional rights.

37.     Finally, Defendants' unlawful conduct and violation of Plaintiff's constitutional rights caused Plaintiff to fear the City and the NYPD. This fear, coupled with

---

[1] Plaintiff was charged with the following: Penal Law § 205.30 – Resisting Arrest & Penal Law § 240.20(2) – Disorderly Conduct.

8

the embarrassment of being arrested in full view of the public, forced Plaintiff to cancel numerous paid shows for months he would have otherwise performed in the City with his band had Plaintiff not suffered constitutional violations at the hands of Defendants Officers.

### FIRST CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

38.    Plaintiff Kirk Bailey repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

39.    All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

40.    All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities by the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and which are actionable under 42 U.S.C. § 1983.

41.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the actual and/or apparent authority attendant thereto.

42.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant City and the NYPD, all under the supervision of ranking officers of said department.

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of Defendant City, which is forbidden by the Constitution of the United States.

44.     By these actions, these Defendants have deprived Mr. Bailey of rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983

45.     Plaintiff Kirk Bailey repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

46.     As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

47.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

48.     Defendant officers acted with malice and intent to do harm to Plaintiff without excuse or justification.

49.     As a result of his false arrest, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement,

economic and pecuniary loss, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

## THIRD CLAIM FOR RELIEF:
## EQUAL PROTECTION UNDER 42 U.S.C. § 1983

50. Plaintiff Kirk Bailey repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

51. Defendants unlawfully singled out Plaintiff and violated his First, Fourth, Fifth, Sixth and Fourteenth Amendments, in part because of his race, gender and because he was exercising his constitutional rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

52. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

53. As a result of Defendants' unlawful acts, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF:
## FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983

54. Plaintiff KIRK BAILEY repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

11

55.     Plaintiff's interest in, *inter alia*, protesting constitutional violations of their person and requesting reasons why they were being detained is protected by the First Amendment.

56.     Defendants retaliated against Plaintiff's expression of protected speech by, *inter alia*, physically throwing Plaintiff against a vehicle and falsely arresting against Plaintiff.

57.     Defendants' retaliatory actions changed Plaintiff's behavior and resulted in chilling of their exercise of protected speech.

58.     As a result of Defendants' aforementioned conduct, Plaintiff was subjected to, *inter alia*, curtailment and suppression of his protected speech in violation of their constitutional rights.

### FIFTH CLAIM FOR RELIEF:
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

59.     Plaintiff KIRK BAILEY repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

60.     Defendant created false evidence against Plaintiff.

61.     Defendant forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

62.     Defendant misled the the trial judge and the prosecutors by creating false evidence against Plaintiff and thereafter providing false testimony throughout the criminal proceedings.

63.     In creating false evidence against Plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendant

violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

64.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, subjected to emotional distress, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF:
## FAILURE TO INTERVENE

65.     Plaintiff KIRK BAILEY repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

66.     Those defendants that were present during the time when Plaintiff's constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

67.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth, and Fourteenth Amendments.

68.     As a direct and proximate result of this unlawful conduct, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress.

## SEVENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

69.     Plaintiff Kirk Bailey repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

13

70.     Defendants falsely arrested Plaintiff despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

71.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

72.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

73.     The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include detaining and prosecuting minority males without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity, arresting persons known to be innocent in order to meet "productivity goals", and falsely swearing out criminal complaints and/or lying and committing perjury during sworn testimony to protect other officers, inflict injury upon individuals who protest their unlawful arrest and/or meet productivity goals;

74.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

75.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

14

76.     Defendant City, as municipal policymaker in the training and supervision of Defendants P.O. Robert Hamilton (Shield #8552), P.O. Peter Ruotolo (Shield #8226), and P.O.s "John/Jane Doe" #1-10 (said names being fictitious, as the true names are presently unknown),, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

77.     All of the foregoing acts by Defendants deprived Plaintiff Kirk Bailey of federally protected rights, including, but not limited to, the right:

      a.      Not to be deprived of liberty without due process of law;

      b.      To be free from seizure and arrest not based upon probable cause;

      c.      To be free from unlawful imprisonment;

      d.      To be free from denial of his constitutional right to fair trial;

      e.      To be free from infliction of emotional distress; and

      f.      To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1.    Special and compensatory damages in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

2.    Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3.    Reasonable attorney's fees and costs; and

4.    Such other and further relief as this Court deems just and proper.


DATED:      New York, New York
            December  / / , 2013


                                    Respectfully submitted,


                                    _____
                                    Kim E. Richman, Esq.
                                    **REESE RICHMAN LLP**
                                    875 Avenue of the Americas, 18th Floor
                                    New York, NY 10001
                                    (212) 643-0500 (telephone)
                                    (212) 253-4272 (facsimile)


                                    **THE LAW OFFICE OF GEOFFREY ST.
                                    ANDREW STEWART**
                                    Geoffrey S. Stewart, Esq.
                                    139 Fulton Street, Suite 508
                                    New York, New York 10038
                                    212-625-9696  (telephone)
                                    718-374-6094  (facsimile)


                                    *Attorneys for Plaintiff*